IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAMIAN KRAUSE, et al. | § | PLAINTIFFS |
| | § | |
| v. | § | Civil Action No. 1:08cv339HSO-JMR |
| | § | |
| | § | |
| DAVID R. LEACH and | § | |
| U-HAUL INTERNATIONAL, INC. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT U-HAUL INTERNATIONAL, INC.'S MOTION TO DISMISS

BEFORE THE COURT is the Motion [5] of Defendant U-Haul International, Inc. ["U-Haul"], to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on or about September 22, 2008, in the above captioned cause. Plaintiffs filed an Opposition [8] and U-Haul filed a Reply [12] in support of its Motion. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that U-Haul's Motion should be granted.

I. DISCUSSION

Invoking this Court's diversity jurisdiction, Plaintiffs filed their Complaint on August 1, 2008, against Defendants David R. Leach ["Leach"] and U-Haul, seeking damages for injuries they allegedly sustained when a vehicle, operated by Defendant Leach and owned by Defendant U-Haul, struck Plaintiff Damian Krause's 1999

Chevrolet vehicle in Harrison County, Mississippi, on or about January 12, 2002.[1]
Defendant U-Haul now seeks dismissal of Plaintiffs' claims against it on grounds that it cannot be held liable pursuant to the Graves Amendment to the Federal Transportation Equity Act, 49 U.S.C. § 30106.

A.  Standard of Review

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965.

"Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*.

---

[1] Plaintiffs assert that because Damian Krause was a member of the active military until August 2, 2005, his claims were tolled pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. § 526(a).

(*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*).

B.  The Graves Amendment

The Graves Amendment, codified at 49 U.S.C. § 30106, applies to all actions commenced on or after August 10, 2005, regardless of whether the conduct or harm that is the subject of the action occurred prior to that time. *See* 49 U.S.C. § 30106(c). Although the vehicular collision which is the genesis of this case occurred on January 12, 2002, Plaintiffs' Complaint was not filed until August 1, 2008. The Graves Amendment therefore applies here.

The Graves Amendment states in pertinent part that:

**(a)  In general.**- An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if–

**(1)** the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

**(2)** there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

Plaintiffs have not asserted any criminal wrongdoing on behalf of U-Haul. Nor have they alleged sufficient facts to support a claim that U-Haul itself was independently negligent. Plaintiffs instead seek to hold U-Haul liable solely on the theory that it owned the truck driven by Defendant Leach at the time of the subject accident. *See* Pls.' Compl. Such state law vicarious liability claims are preempted by

the Graves Amendment. *See Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1245 (11th Cir. 2008); *see also Hagen v. U-Haul Co. of Tenn.*, No. 08-cv1197, 2009 WL 211094, at *15 (W.D. Tenn. Jan. 28, 2009) ("[T]he Court agrees that, under the "Graves Amendment," U-Haul International cannot be held vicariously liable for mere ownership of the truck."); *Flagler v. Budget Rent a Car System, Inc.*, 538 F. Supp. 2d 557, 558 (E.D. N.Y. 2008) ("There is no question but that the Graves Amendment preempts state laws that impose vicarious liability on businesses that rent or lease vehicles."). Based upon the foregoing, Plaintiffs' claims against U-Haul are barred by the Graves Amendment and must be dismissed.

### III. CONCLUSION

After thorough consideration of U-Haul's Motion, the pleadings, submissions, and relevant legal authorities, the Court concludes that Defendant U-Haul's Motion must be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [5] of Defendant U-Haul International, Inc., to Dismiss Pursuant to Rule 12(b)(6), filed on or about September 22, 2008, in the above captioned cause, should be and is hereby **GRANTED**, and Plaintiffs' claims against said Defendant are hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of April, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE